UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTE MARSELLES WARREN,

             Plaintiff,

v.

FREDERICK TODD JARROLD and
ULCH TRANSPORT LTD,

             Defendants.
                                        /

Case No. 2:21-cv-11734

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING EX PARTE MOTION TO AMEND SUMMONS [7]**

Plaintiff moved to amend the summons or for the Clerk's Office to issue a new summons. ECF 7. Because one Defendant is a Canadian resident and the other Defendant is a Canadian limited liability company, ECF 1, PgID 2, the time limitation for effectuating service of process, Federal Rule of Civil Procedure 4(m), is inapplicable. Plaintiff may therefore still effectuate service, and the Court will require the Clerk of the Court to issue Plaintiff a new summons.[1] But Plaintiff must continue to demonstrate due diligence in effectuating service.

BACKGROUND

Plaintiff alleged Defendant Jarrold's negligence caused an automobile accident in July 2018 that seriously injured Plaintiff. ECF 1, PgID 3. Plaintiff also alleged that Defendant Jarrold's employer was negligent in entrusting Defendant Jarrold with a

---

[1] The Court will not hold a hearing on the motion. *See* E.D. Mich. L.R. 7.1(f)(2).

1

company vehicle. *Id*. at 6. Defendant Jarrold is a Canadian resident, and the employer is a Canadian limited liability company. *Id*. at 2.

On October 22, 2021, the Court issued an order for Plaintiff to show cause as to why the case should not be dismissed for Plaintiff's failure to prosecute the matter. ECF 6. The same day, Plaintiff responded with the ex parte motion to amend the summons. ECF 7. In the ex parte motion, Plaintiff relayed that Plaintiff had filed the complaint on July 26, 2021 and that the summons was due to expire on October 26, 2021. *Id*. at 16. Plaintiff also informed the Court that Plaintiff had tried to serve Defendants through Defendants' counsel, but that Defendants' counsel had declined to accept service. *Id*. at 16–17. Plaintiff attached emails between Plaintiff's counsel and Defendants' counsel confirming the exchange. *Id*. at 18–22. Plaintiff also represented that Plaintiff had tried to arrange for a Canadian process server to serve Defendant Jarrold, but Defendant Jarrold had not been at the address at which the process server tried to effectuate service. *Id*. at 23–25.

After submitting the ex parte motion to amend the summons, Plaintiff informed the Court that Plaintiff had been able to serve the limited liability company Defendant on October 25, 2021 but was still unable to effectuate service upon Defendant Jarrold. ECF 9, PgID 28–30. Plaintiff stated that Plaintiff would complete service with respect to Defendant Jarrold after the Court entered an order granting a second summons. *Id*. at 30.

Because both Defendants are Canadian, the time limitation for service of process under Rule 4(m) is inapplicable.

2

## LEGAL STANDARD

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." But as is the case here, the Rule "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." *Id.*

The Sixth Circuit has not decided whether there is any limitation on how long a Plaintiff has to serve process in a foreign country. *Greanex LLC v. Triem*, No. 20-36-DLB, 2021 WL 1230484, at *3 (E.D. Ky. Mar. 31, 2021). Other courts in the Eastern District of Michigan have looked to the Fifth, Seventh, and Eleventh Circuits when faced with plaintiffs that have taken significant time to serve defendants in foreign countries. See *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1041 (E.D. Mich. 2019) (Stafford, M.J.); *Johnson Elec. N. Am., Inc. v. Daimay N. Am. Auto., Inc.*, No 19-cv-13190, 2021 WL 4290200, at *4 (E.D. Mich. Sept. 21, 2021) (Levy, J.); *Alam v. Al Jazeera Eng.*, No. 21-10389, 2021 WL 2471475, at *3 (E.D. Mich. June 17, 2021) (Parker, J.).

The Eleventh Circuit followed "the majority of circuits to have considered the issue in holding that a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant." *Harris v. Orange S.A.*, 636 F. App'x 476, 485–86 (11th Cir. 2015) (per curiam). The Eleventh Circuit elaborated that a showing of due diligence requires at

3

least the amount of support required to demonstrate excusable neglect. *Id*. at 486 (citations omitted).

Similarly, the Fifth Circuit "expressly adopt[ed]" the "flexible due diligence" standard. *Lozana v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012). The Fifth Circuit concluded that the proper course of action for a district court is "a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Id*. at 489.

Other circuits have adopted different approaches. The Seventh Circuit found "that the amount of time allowed for foreign service is not unlimited," and the Ninth Circuit held only that the time limitations of Rule 4 are inapplicable without setting a standard for when a district court can dismiss a case. *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (citation omitted); *Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir. 1991) (per curiam).

There must be some time limit for service of process in a foreign country that courts can delineate, or else plaintiffs could easily flout statutes of limitations. *See United States v. Wahl*, 583 F.2d 285, 289 (6th Cir. 1978) ("[F]or limitations purposes, a civil action is commenced upon the filing of a complaint, and 'remains pending in an inchoate state until service is completed unless and until an action is dismissed for failure to prosecute.'") (quotation omitted). But a strict time limitation would be unworkable given that the process for effectuating service in a foreign country differs by nation. *Compare* Hague Conference on Private International Law, Germany – Central Authority & Practical Information (Apr. 29, 2021) https://bit.ly/3w2jbxM

4

[https://perma.cc/L8ND-T36P] (stating that the time to process service is usually within three months), *with* Hague Conference on Private International Law, France – Central Authority (Art. 2) and Practical Information (Apr. 13, 2021) https://bit.ly/3EyS4NR [https://perma.cc/TY2G-WL4Y] (stating that the time for execution of service is approximately between two and six months). The Court will therefore employ the flexible due diligence standard developed by the Fifth and Eleventh Circuits, including the use of at least the excusable neglect standard for determining whether a party has acted diligently, given the sound reasoning espoused by those Circuits in settling on the standard. *Lozano*, 693 F.3d at 488–89; *Harris*, 636 F. App'x at 485–86.

In an excusable neglect analysis, which "is at bottom an equitable one," courts examine five primary factors: (1) "the danger of prejudice"; (2) "the length of the delay"; (3) the delay's "potential impact on judicial proceedings"; (4) "the reason for the delay, including whether [the reason] was within the reasonable control of the movant"; and (5) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (discussing how, while *Pioneer* interpreted the term excusable neglect in the context of a bankruptcy rule, the analysis applies to how the term "is used in a variety of federal rules").

## DISCUSSION

Here, the excusable neglect factors favor finding due diligence. First, there is no danger of prejudice. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Plaintiff contacted

defense counsel over email to inquire about whether defense counsel would accept service on behalf of Defendants. ECF 7, PgID 18–22. Defense counsel asked Defendants whether defense counsel could accept service on their behalf. *Id*. The email exchange occurred between September 24, 2021 and October 4, 2021. *Id*. And Plaintiff had filed the complaint in late July 2021. ECF 1. Defendants and their counsel therefore had actual knowledge of the complaint within a reasonable period of time after the filing and could have started to prepare a defense and preserve necessary evidence. The short period within which Defendants obtained actual knowledge of the complaint diminishes the possibility that prejudice could result from the delay and favors finding due diligence.

Second, the length of the delay was short. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Plaintiff's counsel notified the Court about the reasons for the delay before ninety days had passed, despite the ninety-day deadline being inapplicable. *See* ECF 7. The short length of the delay therefore favors finding due diligence.

Third, the potential impact on the judicial proceedings, as of November 2021, is minimal. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The case has been pending for less than four months. *See* ECF 1. And within a short time of the Court's show cause order, Plaintiff's counsel was diligent in keeping the Court apprised of the reasons for the delay and what Plaintiff's counsel had done to effectuate service. *See generally* ECF 7; 9. The minimal potential impact on the judicial proceedings as of November 2021 therefore also favors finding due diligence.

6

Fourth, the reason for the delay was not fully within Plaintiff's control. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Plaintiff worked with a Canadian process server to serve Defendant Jarrold, the only Defendant left to be served, in mid-October 2021. ECF 7, PgID 23–25. But the Canadian process server could not effectuate service at the address where Defendant Jarrold was believed to reside. *Id.* The Canadian process server's inability to serve Defendant Jarrold in mid-October was out of Plaintiff's control and a main reason for the delay. As a result, the reason for the delay favors a finding of due diligence.

Finally, Plaintiff has acted in good faith. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Plaintiff's dealings with the Court have displayed indica of good faith, including Plaintiff's prompt response to the Court's show cause order and the attachment of supporting exhibits. *See generally* ECF 7.

Because all five factors, as of November 2021, warrant finding due diligence, the Court does not believe Plaintiff has failed to prosecute the matter against Defendant Jarrold. Plaintiff may therefore still serve Defendant Jarrold.

## CONCLUSION

Because Plaintiff has acted diligently in trying to effectuate service and is therefore prosecuting the matter, the Court will grant Plaintiff's request and order the Clerk of the Court to issue a new summons to Plaintiff. The Court cautions Plaintiff to effectuate service in accord with the due diligence principles discussed above to avoid future dismissal of the case against Defendant Jarrold for a failure to prosecute.

7

# ORDER

**WHEREFORE**, it is hereby **ORDERED** that the ex parte motion to amend the summons [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff **MAY STILL SERVE** Defendant Frederick Todd Jarrold as long as Plaintiff **COMPLIES** with the due diligence principles discussed above.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ISSUE** a new summons, with respect to Defendant Frederick Todd Jarrold, to Plaintiff.

**SO ORDERED.**

                                             s/ Stephen J. Murphy, III
                                             STEPHEN J. MURPHY, III
                                             United States District Judge

Dated: November 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2021, by electronic and/or ordinary mail.

                                             s/ David P. Parker
                                             Case Manager